**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

CASE NO.

MIRIAM HART,

      Plaintiff,

v.

NATIONAL ASSET RECOVERY SERVICES,
INC.

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.,* ("FCCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

### PARTIES

4.     Plaintiff, Miriam Hart ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Alachua, and City of Newberry.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, National Asset Recovery Services, Inc. ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated November 9, 2011. (*See* documentation, attached hereto as Exhibit A)

12.     On November 13, 2011 at approximately 4:21 P.M., Defendant placed a telephone call to Plaintiff's cellular telephone, and at such time, delivered a pre-recorded message that instructed Plaintiff to "press 1"  if she was Miriam Hart.

13.     At such time, Plaintiff followed the instructions as set forth in the pre-recorded message, and was then transferred to a live agent and/or employee of Defendant.

14.     During the communication that ensued thereafter, Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff, and further demanded that Defendant communicate with her in writing only.

15.     Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to Plaintiff, Defendant nevertheless placed numerous additional calls to Plaintiff's cellular telephone, including, but not limited to, the following dates and times:

1)      November 13, 2011 at 6:09 PM;

2)      November 14, 2011 at 11:10 AM;

3)      November 14, 2011 at 2:37 PM;

4)      November 14, 2011 at 3:58 PM;

5)      November 14, 2011 at 5:26 PM;

6)      November 15, 2011 at 2:39 PM;

7)      November 15, 2011 at 4:01 PM;

8)      November 15, 2011 at 6:44 PM;

9)      November 15, 2011 at 8:54 PM;

10)     November 16, 2011 at 4:30 PM;

11)     November 16, 2011 at 6:52 PM;

12)     November 16, 2011 at 7:38 PM;

13)     November 17, 2011 at 12:53 PM;

14)     November 17, 2011 at 4:24 PM;

15)     November 17, 2011 at 5:10 PM;

16)     November 17, 2011 at 6:45 PM;

17)     November 26, 2011 at 11:31 AM;

18)   November 26, 2011 at 11:54 AM;

19)   November 26, 2011 at 3:15 PM; and

20)   November 26, 2011 at 3:44 PM

16.   Upon information and good-faith belief, Defendant placed the above-listed calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

17.   Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

18.   Upon information and good-faith belief, the express purpose of the telephone calls placed to Plaintiff's cellular telephone by Defendant on the dates and times as listed above was to collect an alleged debt from Plaintiff, or in connection with the collection of an alleged debt from Plaintiff.

19.   Defendant willingly and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the above-listed twenty-one (21) calls.

20.   Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

21.   Plaintiff repeats and re-alleges each and every allegation above.

22.   Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff in a manner which was known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

23.     Plaintiff repeats and re-alleges each and every allegation above.

24.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA**
**AGAINST DEFENDANT**

25.     Plaintiff repeats and re-alleges each and every allegation above.

26.     Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with a Plaintiff with such frequency as would reasonably be expected to harass Plaintiff.

27.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Miriam Hart, by and through her attorneys, respectfully prays for judgment as follows:

    a)  All actual compensatory damages suffered;

    b)  Emotional and/or mental anguish damages;

    c)  Statutory damages of $1,000.00;

    d)  Plaintiff's attorneys' fees and costs;

    e)  Any other relief deemed appropriate by this Honorable Court.

**COUNT IV**
**VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)**

28.     Plaintiff repeats and re-alleges each and every allegation contained above.

29.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

30. Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this 21st day of June, 2012.

Respectfully submitted,

**MIRIAM HART**


By:/s/Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com